UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYSON LEVI KNOBELOCH, | |
| Petitioner, | |
| v. | Civil No. 21-cv-1778-JPG |
| UNITED STATES OF AMERICA, | Criminal No 18-cr-40062-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Bryson Levi Knobeloch's[1] amended motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 2).  On May 29, 2019, the petitioner pled guilty to one count of attempt to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).  On September 4, 2019, the Court sentenced her to serve 120 months in prison.  She did not appeal her sentence.

In her § 2255 motion, filed December 2, 2021, and amended January 19, 2022, the petitioner raises the following claims:

- Ineffective assistance of counsel in violation of her Sixth Amendment rights when, seven days after the petitioner was sentenced, her counsel failed to seek withdrawal of the petitioner's guilty plea or to file a notice of appeal;

- Ineffective assistance of counsel in violation of her Sixth Amendment rights when counsel failed to request a psychological evaluation for the petitioner after she told counsel she did not feel competent to proceed with a guilty plea or trial; and

- Excessive use of force while housed at the Franklin County Jail during her criminal proceedings, causing her to fear for her safety and enter a plea when she really wanted to go to trial.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is not plain from the motion and the record of the prior proceedings that

---

[1] The petitioner's legal name is Bryson Levi Knobeloch, and the Presentence Investigation Report indicates the petitioner is male.  However, the petitioner prefers to be called Nevaeh Olivia Knobeloch and claims to be a transgender woman (Doc. 1).  Although the Court must use the petitioner's legal name, it will use feminine pronouns in reference to the petitioner.

the petitioner is not entitled to relief on any ground.  Therefore, the Court **ORDERS** the Government to file a response to the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.  The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.  The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

Additionally, the Court has reviewed a variety of other motions filed by the petitioner and rules as follows:

- The Court **DENIES** the petitioner's Motion to Receive All Attorney-Client Documentation and Jencks Act Material (Doc. 4) and Motion to Produced Client File (Doc. 5).  The Court does not have the documents the petitioner seeks.  She may seek copies of attorney-client documents directly from her former counsel, and if she believes discovery from the Government is warranted, she may file a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts in which she provides reasons her specific discovery requests are necessary for this § 2255 proceeding.

- The Court **DENIES** the petitioner's Motion to Provide Movant with Writing Material and law library time (Doc. 7) and Motion to Provide Legal Material (Doc. 8).  The recent trust fund account statement submitted by the petitioner (Doc. 6) shows she is financially able to purchase her own writing supplies.  The Court further defers to the Bureau of Prisons regarding allocation of library time and material allowed to be possessed in the Special Housing Unit.  The Court is willing, however, to grant reasonable extensions of time to the petitioner if difficulty accessing her legal materials or the law library causes her to be unable to meet a deadline.

- The Court **DENIES** the petitioner's Motion to Stay this § 2255 Case and Send Client Case File (Doc. 10).  The petitioner's conviction became final in late 2020, and this § 2255 case has been pending for several months.  There is no reason the Court should not move forward as expeditiously as possible to resolve this case.  Again, should the petitioner feel she needs an extension of a deadline, she is free to ask for one, and should she feel she needs documents from her counsel, she should first seek them from her.

**IT IS SO ORDERED.**
**DATED:  May 4, 2022**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**