UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYSON LEVI KNOBELOCH,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

Civil No. 21-cv-1778-JPG

Criminal No 18-cr-40062-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Bryson Levi Knobeloch's amended motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 3). The Government sought dismissal of Knobeloch's motion on the grounds that it was not timely under 28 U.S.C. § 2255(f) (Doc. 13). Knobeloch responded that her § 2255 motion was late because institutional restrictions as a result of the COVID-19 pandemic prevented her from accessing the law library (Doc. 17).

Knobeloch then filed a document that could reasonably be construed as a motion for voluntary dismissal of her § 2255 motion (Doc. 19). However, since her motion was not crystal clear about its purpose, the Court gave her until September 28, 2022, to show cause why the Court should not construe her motion as a request for voluntary dismissal of her § 2255 motion and dismiss her § 2255 motion. It further warned her that if she failed to timely respond to the order to show cause, the Court would construe her motion as a request for voluntary dismissal of her § 2255 motion and dismiss her case. It is now nearly three weeks past the deadline, and Knobeloch has not responded. Accordingly, as it warned it would, the Court will construe her motion as a motion for voluntary dismissal and will dismiss this case. The Court finds this action particularly appropriate because it is clear that Knobeloch failed to meet the one-year

deadline set forth in 28 U.S.C. § 2255(f).

On May 29, 2019, the petitioner pled guilty to one count of attempt to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b). On September 4, 2019, the Court sentenced her to serve 120 months in prison. She did not appeal her sentence.

She filed her pending § 2255 motion on December 2, 2021. This was too late. A petitioner seeking relief under § 2255 must file her motion within the one-year statute of limitations set forth in § 2255(f). The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable trigger for the one-year period for Knobeloch is found in § 2255(f)(1); she has not asserted any governmental impediment to making a motion, any right initially recognized by the Supreme Court after her sentencing, or any newly discovered evidence.

Under § 2255(f)(1), Knobeloch's conviction became final more than a year before she filed her § 2255 motion. Where a petitioner does not appeal her criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing her sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g.,*

*Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011); *cf. Clay v. United States*, 537 U.S. 522, 524-25 (2003) (affirmed conviction becomes final for § 2255 purposes when time for filing a petition for a writ of *certiorari* expires). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed Knobeloch 14 days from her sentencing on September 4, 2019, to file a notice appeal.[1] Her 14-day period expired on September 18, 2019. Therefore, her period to file a § 2255 motion under § 2255(f)(1) expired one year later, on September 18, 2020. Her December 2, 2021, motion was more than a year beyond that deadline.

To the extent Knobeloch suggests that the Government created a barrier to a timely motion because it deprived her of access to a law library or that the one-year deadline should be equitably tolled, the Court rejects those propositions. The grounds she asserts for § 2255 relief depend on facts that Knobeloch had at her disposal regardless of access to a law library—her counsel's alleged failure to seek withdrawal of her guilty plea, to file a notice of appeal, or to request a psychological evaluation, and alleged instances of excessive force in jail during her pretrial incarceration. Indeed, her original petition contains only factual allegations without citation to relevant law. She did not need a law library to draft that pleading.

Because Knobeloch seeks to voluntarily dismiss her § 2255 motion, and because it is indeed untimely, the Court **GRANTS** her motion for voluntary dismissal (Doc. 19), **DISMISSES** Knobeloch's amended § 2255 motion (Doc. 3), and **DIRECTS** the Clerk of Court to enter judgment accordingly. This ruling renders **MOOT** the Government's motion to dismiss

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the 14-day period from the date the Government filed its notice of appeal, did not apply to Knobeloch because the Government did not file a notice of appeal.

(Doc. 13) and Knobeloch's motion for discovery (Doc. 12).

**IT IS SO ORDERED.**
**DATED:   October 18, 2022**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**